UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Megan Golden<br><br>AND<br><br>Jeremy Golden<br><br>    Plaintiffs,<br><br>v.<br><br>ProCollect, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Megan Golden, ("Megan"), is a natural person who resided in Fort Worth, Texas, at all times relevant to this action.

2. Plaintiff, Jeremy Golden, Megan's husband, ("Husband"), is a natural person who resided in Fort Worth, Texas, at all times relevant to this action.

3. Defendant, ProCollect, Inc., ("ProCollect"), is a Texas Corporation that maintained its principal place of business in Dallas, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. ProCollect uses a predictive dialer system.

7. Before ProCollect began contacting Megan, it and Megan had no prior business relationship and Megan had never provided express consent to ProCollect to be contacted on her cellular telephone.

8. ProCollect regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of ProCollect's revenue is debt collection.

10. ProCollect is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, ProCollect contacted Megan to collect a debt that was incurred by Husband primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Megan and Husband are "consumers" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, ProCollect willingly and knowingly used an automatic telephone dialing system to call Megan on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

15. Around March 2012, ProCollect began contacting Megan on her cellular phone in connection with the collection of the debt.

16. During this communication, Megan requested ProCollect cease further calls to Megan.

17. Despite this request, ProCollect continued to contact Megan on her cellular phone in connection with the collection of the debt, most recently in 2013. Additionally, ProCollect informed Megan the calls would continue until the debt was paid.

18. On or around December 16, 2013, ProCollect contacted Megan's mother, ("Mother"), on Mother's cellular phone in connection with the collection of the debt.

19. During this communication, ProCollect disclosed to Mother that Husband owed the debt.

20. During this communication, ProCollect informed Mother that Mother was responsible for the debt because Mother is Megan's next of kin.

21. Mother is not responsible for the debt.

22. At the time of this communication, ProCollect already had Megan location information, but ProCollect falsely stated to Mother that ProCollect did not have Megan's location information.

23. During this communication, Mother requested ProCollect cease further calls to Mother. Additionally, ProCollect told Mother the calls would continue until the debt was paid.

24. ProCollect caused Megan and Husband emotional distress.

25. ProCollect attempted to collect a debt from Megan and Husband.

26. ProCollect violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment, in favor of all Plaintiffs, against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Megan's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment, in favor of Megan, against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Hyslip & Taylor, LLC LPA


        By:   /s/ Robert C. Newark, III
        One of Plaintiff's Attorneys

Date: July 9, 2014

*Of Counsel*
Robert C. Newark, III, Esq.
TX Bar # 24040097
9813 Rail Road Street
Midwest City, OK  73130
Phone:  405-204-0047
Fax: None
Email:  Rob.newark@yahoo.com